IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PROJECT ON PREDATORY STUDENT LENDING OF THE LEGAL SERVICES CENTER OF HARVARD LAW SCHOOL,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>*Defendant*. | Civil Action No. 2:17-cv-00210-NBF<br><br>Hon. Nora Barry Fischer<br><br>*(Electronic Filing)* |

**DEFENDANT'S CONCISE STATEMENT OF MATERIAL FACTS**

1.  In a case under the False Claims Act, *United States ex rel. Washington v. Education Management LLC*, No. 2:07-cv-461 (W.D. Pa.) (the "EDMC Litigation"), brought against a private party, Education Management Corporation and its subsidiaries and affiliates (collectively, "EDMC"), the United States Attorney's Office for the Western District of Pennsylvania (the "USAO") served numerous discovery requests upon EDMC. *See* Decl. of Michael A. Comber ¶ 3.

**EDMC Responded to the USAO's Discovery Requests
through Rolling Productions of Hard Drives**

2.  In response to those requests, EDMC made a series of eleven rolling productions between October 15, 2013, and September 15, 2014, in which EDMC provided information responsive to the USAO's discovery requests on external electronic media, consisting predominantly of hard drives, but which also included CDs and DVDs (collectively referred to as "the Hard Drives"). *See id.* ¶ 11(a).

3. The Hard Drives were not encoded with metadata that would enable any party to identify the precise discovery request to which the specific file corresponded.  *See id.* ¶ 11(c).

4. Each of those Hard Drives bore an external label indicating that it was subject to the two protective orders entered in the EDMC Litigation:  the Confidentiality Protective Order, *see* Protective Order Governing Confidential Material, *United States v. EDMC*, 2:07-cv-00461 (W.D. Pa. Apr. 12, 2013), *as amended* by First Am. Protective Order, (Sept. 16, 2016), and the FERPA Protective Order, *see* Protective Order Governing Personally Identifiable Information from Education Records that May be Subject to the Family Educational Rights and Privacy Act, *United States v. EDMC*, 2:07-cv-00461 (W.D. Pa. Apr. 8, 2013).  *See id.* ¶ 11(a).

5. The USAO understood its possession of the Hard Drives to be temporary, for the duration of the EDMC Litigation, and following closure of that litigation, the USAO had intended on returning the Hard Drives to counsel for EDMC, consistent with the obligations imposed by the protective orders.  *See id.* ¶ 11(a).

6. At no time did the USAO access the electronically stored information directly from the Hard Drives.  *See id.* ¶ 23.

7. Instead, when the USAO would receive a rolling production containing a Hard Drive from EDMC, the USAO would immediately transfer it to relator's counsel at the McKool Smith law firm for uploading onto an electronic document review platform.  *See id.* ¶ 24.

8. Due to the procedural posture of the case and the timing of settlement negotiations, AUSAs did not have access to that document review platform.  *See id.* ¶ 23.

9. Altogether, the Hard Drives contained over 20 million documents, comprising over nine terabytes of electronically stored information (in compressed form), which, if printed, would exceed 145 million pages.  *See id.* ¶ 25.

**In Response to Spoliation Concerns, EDMC Produced the AI Dallas CD
to the USAO on an Expedited Basis**

10. In addition to the materials produced on the Hard Drives, EDMC produced one CD containing approximately 3600 pages of documents on extremely short notice to address potential spoliation concerns at one of EDMC's subsidiaries, the Art Institute of Dallas. *See id.* ¶ 11(b).

11. That CD (the "AI Dallas CD") was externally labeled to indicate that it was subject to both protective orders governing the EDMC Litigation. *See id.*

12. Each of the individual files uploaded from the AI Dallas CD were also designated as subject to one or both of the protective orders entered in the EDMC Litigation. *See Vaughn* index items 1- 90; Decl. of John Kornmeier ¶ 21.

13. The AI Dallas CD was not encoded with metadata that would enable any party to identify precise discovery request to which the specific file corresponded. *See* Comber Decl. ¶ 11(c).

14. The electronically stored information on the AI Dallas CD did not conform to the specifications for production of electronically stored information governing the EDMC Litigation. *See id.* ¶ 11(b).

15. The AI Dallas CD was not transferred to relator's counsel for uploading onto a document review platform. *See id.*

16. Rather, given the relatively small number of documents contained on the AI Dallas CD and the format of those documents, the contents of the AI Dallas CD were uploaded onto the electronic case file on Deputy Chief Christy C. Wiegand's network directory. *See id.*

**The Settlement of the EDMC Litigation and Plaintiff's Subsequent FOIA Request**

17. The EDMC Litigation settled on November 16, 2015. *See id.* ¶ 3.

18. Plaintiff submitted a FOIA request, dated June 20, 2016, to the Executive Office for United States Attorneys, a component of United States Department of Justice. *See* Amended Compl., Ex. A, 2:17-cv-00210, ECF No. 17-2 (Mar. 16, 2017) (hereafter "FOIA Request"); Comber Decl. ¶ 4.

19. Plaintiff's FOIA request sought information that EDMC produced to the USAO in response to 24 specific discovery requests in the EDMC Litigation. *See* FOIA Request at 3-4; Comber Decl. ¶ 6.

20. Well before plaintiff's FOIA request, the external electronic information review platforms onto which electronically stored information from the Hard Drives had been uploaded were taken offline. The McKool Smith law firm had also returned the Hard Drives (that it did not previously destroy) to the USAO. *See* Comber Decl. ¶ 22.

21. At the time of plaintiff's FOIA request, the Hard Drives were not part of a file or a record system at the USAO, but rather they were in a room at the USAO for return to counsel for EDMC to discharge the USAO's obligations under the protective orders. *See id.* ¶ 24.

22. At the time of plaintiff's FOIA request, the information uploaded from the AI Dallas CD remained in the electronic case file on Deputy Chief Wiegand's network directory. *See id.* ¶ 11(b).

### Hosting, Searching, Reviewing, and Redacting the Electronically Stored Information on the Hard Drives Would Be Unduly Burdensome

23. Without an electronic document review platform that would enable the processing, uploading, and hosting of the 20 million electronically stored files, estimated to consist of 145 million printed pages, comprising over nine terabytes of electronically stored information, which by one estimate costs $100,000 per month, *see* Declaration of Matthew R. Divelbiss, ¶ 2, ECF No. 477-1, *United States ex rel. Washington v. Education Management*

4

*Corp.*, No. 2:07-cv-461 (W.D. Pa. Feb. 2, 2017), the USAO had no ready ability to read or access those Hard Drives, and it would have been unduly burdensome to search the Hard Drives in response to plaintiff's FOIA request.  *See* Comber Decl. ¶ 25.

24.     Beyond the undue burdens associated with uploading the Hard Drives and hosting them, which would be prohibitively expensive, *see* Divelbiss Decl. ¶ 2, it would be unduly burdensome from a human resources standpoint to review document-by-document 20 million electronically stored files to determine which would be responsive to plaintiff's FOIA request. *See* Comber Decl. ¶¶ 26-27; Kornmeier Decl. ¶¶ 7-13.

25.     In addition, even if such searches were completed, it would be unduly burdensome to review, line-by-line, each page of each responsive document for privileges and other FOIA exemptions for redaction and annotation of the basis for the redaction.  *See* Comber Decl. ¶¶ 26-27; Kornmeier Decl. ¶¶ 7-13.

26.     The Executive Office for United States Attorneys has estimated that even if these tasks received full staffing by that office – to the exclusion of all other FOIA obligations – they would take 460 years to complete.  *See* Kornmeier Decl. ¶¶ 11-12.

### The USAO Performed an Adequate Search for Records Responsive to Plaintiff's FOIA Request

27.     In setting the initial scope for a search for records responsive to plaintiff's FOIA request, the USAO determined that the only United States Attorney's Office that could reasonably be expected to have responsive records was the USAO in the Western District of Pennsylvania.  *See* Comber Decl. ¶ 10.

28.     That is so because the EDMC Litigation arose in the Western District of Pennsylvania and was handled only by AUSAs in that USAO, and the USAO did not share or

transmit documents and electronically stored information received from EDMC in discovery to any other United States Attorney's Office. *See id.*

29. Within the USAO, only the Civil Division could reasonably be expected to possess records responsive to the Project's FOIA request because (i) the EDMC Litigation was staffed only by AUSAs in the Civil Division and (ii) the Civil Division did not provide any of the electronically stored information received in discovery from EDMC to any other component of the USAO. *See id.* ¶¶ 11-12.

30. Within the Civil Division only three attorneys – and no support staff, paralegals, or other attorneys – could reasonably be expected to possess records potentially responsive to the Project's FOIA request: (i) Deputy Chief Christy C. Wiegand, lead trial counsel in the EDMC Litigation; (ii) Assistant U.S. Attorney Colin J. Callahan, co-counsel in the EDMC Litigation; and (iii) Michael A. Comber, Civil Chief and settlement counsel in the EDMC Litigation. *See id.* ¶ 13.

31. As for the three attorneys who could reasonably be expected to have potentially responsive records, such records could reasonably be expected in only three locations within the Civil Division's files: (i) the hard copy case file for the EDMC Litigation; (ii) the electronic case file for the EDMC Litigation; and (iii) email archives for the three attorneys with involvement in the EDMC Litigation. *See id.* ¶ 14.

32. As far as the hard copy of the EDMC Litigation case file, Deputy Chief Wiegand and AUSA Callahan searched it manually, file-by-file, and in some instances document-by-document, for materials that EDMC produced in discovery to the United States. That search yielded six documents, which were deemed non-responsive to plaintiff's FOIA request because they were created by counsel and contain handwritten attorney notes. *See id.* ¶ 15.

33. With respect to the primary electronic case file for the EDMC Litigation, it is maintained in Deputy Chief Wiegand's network directory space, and Deputy Chief Wiegand conducted a file-by-file search of the electronic case file, spanning all electronic folders and sub-folders. *See id.* ¶ 16.

34. That search yielded documents potentially responsive to plaintiff's FOIA request – the files uploaded from the AI Dallas CD. *See id.*

35. For completeness, AUSA Callahan and Civil Chief Comber conducted similar searches of their network directory space for any materials relating to the EDMC Litigation that might be potentially responsive to the Project's FOIA request, and they found no documents responsive to plaintiff's FOIA request. *See id.*

36. The USAO also conducted searches of the electronic mail archives of Deputy Chief Wiegand, AUSA Callahan, and Civil Chief Comber using three criteria: attachments, domains, and time frame. *See id.* ¶ 17.

37. It was reasonable to search only emails with attachments because plaintiff's FOIA request sought materials produced in discovery, and thus only emails containing attachments could reasonably be expected to contain potentially responsive records. *See id.* ¶ 17(a).

38. It was reasonable to search only emails to or from the USAO between either EDMC's outside counsel (Jones Day), Relators' Counsel (McKool Smith law firm and Harry Litman), or the Special Master (and/or his law clerk) because plaintiff's FOIA request sought materials that EDMC *produced to* the United States in discovery in the EDMC Litigation. *See id.* ¶ 17(b)

39. It was reasonable to limit the searches to the time period between May 2, 2014, through November 16, 2015. *See id.* ¶ 17(c). Although the Civil Division received EDMC's

first production of documents on October 15, 2013, via hand delivery of external media, the Civil Division determined from a review of the case file that potentially responsive materials to the Project's FOIA request would not have been transmitted via email before May 2, 2014.  *See id.* ¶ 17(c).  Similarly, the Civil Division determined from a review of the case file that potentially responsive materials to the Project's FOIA request would not have been transmitted via email after the November 16, 2015, execution of the settlement agreement.  *See id.* ¶ 17(c).

40. This search of the USAO's email archiving platforms yielded five documents originally produced by EDMC, but separate documents were emailed among counsel.  *See id.* ¶ 17.

### The Assertion of Exemption 6 is Necessary to Prevent a Clearly Unwarranted Invasion of the Privacy of Applicants and Students.

41. With respect to the files uploaded from AI Dallas CD, defendant reviewed each of those under FOIA, and as indicated on the *Vaughn* index, many of those files contain personally identifiable information about students and applicants to EDMC schools, the release of which would constitute a clearly unwarranted invasion of privacy.  *See* Kornmeier Decl. ¶ 17.


November 17, 2017 

SOO C. SONG
Acting United States Attorney
Western District of Pennsylvania


 /s/ *Christy Criswell Wiegand*
CHRISTY CRISWELL WIEGAND
Assistant United States Attorney
Western District of Pennsylvania
Joseph F. Weis Jr. U.S. Courthouse
700 Grant St., Suite 4000
Pittsburgh, PA 15219
(412) 894-7452

Respectfully Submitted,

CHAD A. READLER
Principal Deputy Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director
Federal Programs Branch


/s/ *Peter J. Phipps*
PETER J. PHIPPS
Senior Trial Counsel
U.S. Department of Justice, Civil Division

8

Email: christy.wiegand@usdoj.gov    Federal Programs Branch
950 Pennsylvania Ave., NW
Washington, DC 20530
Tel: (202) 616-8482 / (412) 894-7421
Email: peter.phipps@usdoj.gov

*Counsel for Defendant*